Adkins against Nestle Purina Petcare. Mr. Moore. May it please the court. This is a case about the autonomy that should be granted to a certified state court class action that is enjoined in the process of approving a settlement in a nationwide class in federal court. The district court in this case granted certification of a nationwide settlement class and in doing so it entered an order that was targeted at a an already certified well-developed state court case that was pending in the Jackson County Circuit Court in Missouri. Let me tell you just a little bit about that Missouri class action. It was filed in February of 2013 and it alleges that Missouri consumers bought certain dog treat products that were manufactured by the defendant Nestle Purina which have been shown by scientific proof and FDA investigation to be toxic and poisonous and potentially lethal when consumed by the dogs that they are fed to. The class in Missouri is seeking a refund of the purchase price that the consumers paid for these products that were misrepresented to them as wholesome and healthy treats. In the course of the proceedings in the Missouri State Court there was a removal to federal court that was defeated and the case was brought back. There were two motions to dismiss that were filed both of which were defeated and there were several motions that were filed to either stay or continue that class action while the federal proceedings ran their course and in every instance the state court judge in Missouri said no I'm going to continue to exercise jurisdiction over this case and move it along to the point that it was eventually certified in I did not see any analysis by the district court regarding the injunction there appear to be no findings of fact or any application of the law to the facts. The court simply seemed to assume that the injunction was proper so is that an independent reason to reverse or is that simply a reason to remand for findings? Well judge it would most likely be a reason to remand for findings and I think in this case setting aside the lack of detail in the court's order I think the parties agree and presented argument to the judge on the in aid of jurisdiction exception so and I think I think we can get to the bottom of it today and actually on the substance decide that this is not a case where the injunction should have issued. Maybe we can and maybe we can't but I'm worried also about Judge Rovner's question I mean my my related question is is there some place on the record in the transcript for example where the district judge explained why he was issuing the injunction? Judge as far as I know there is not there there that looks like the initial problem in this case rule 65 D1A says no injunction may issue without a finding and statement of reasons. This appears to be a spectacular clear violation of rule 65 D1A and one might think that would be the first problem unless there's someplace else where the judge stated reasons. Your honor I know that the way that this developed there were numerous hearings and there was eventually argument about the injunction and I know that Judge Gettleman was concerned about whether or not he had the authority now I agree that there's not anything specific in the record and I don't know that anything was put down at any of these hearings so yes I think that that potentially recall anything orally? No no no your honor I don't but I don't I don't want to say I don't want to say that my recollection is perfect which is the only reason that I I qualified that and and I assume that Mr. Hogan or Mr. Davidson will correct me if that recollection is mistaken but I don't recall there being anything. See you also contend that the court wouldn't allow Ms. Kurtz to opt out of the federal case and where in the record rule we find that ruling I didn't see it anywhere in the short appendix I mean what reason did he give for not allowing her to opt out? Your honor there again I don't think there's any specific reason on the record given for that that is in effect a product of the way that the settlement agreement is structured and it's the way that the courts more detailed order on October 28th reads which is to say that anybody that opts out of this class action that opt-out won't be effective until the final approval in June but but on the record there's no explanation of the the rationale or the support for that particular aspect of the ruling. And nothing oral that you recall? No your honor. Okay. And so I this appeal it raises two separate issues one is the issue of whether the district court had the authority in the first place to issue this injunction and that may in part go to the rule that was just discussed but it also goes in part to the anti-injunction act and whether there would be an exception under which this case would qualify and the second issue on this appeal is that even if the injunction was authorized was it a was it an abuse of discretion for the court to enter the injunction in this particular case? I don't see how we could possibly decide whether something was an abuse of discretion where the judge hasn't explained his decision. We might be able to decide that there are no circumstances and no explanation the action consistent with 2283 but otherwise I don't see how there's anything we can do other than remand. Your honor and that that that may be the case I do think that there is a there is a body of developed case law that speaks to the scope of the necessary and native jurisdiction exception to the anti injunction act and I think that none of that case law draws an exception that would bring this case into the scope of the necessary native jurisdiction provision and with that in mind I think this court could say today that under these circumstances regardless of what Judge Gettleman said or might have said or would have said or didn't say or didn't say that this case where you have a certified state court class action that is on the eve of trial when it's enjoined and all of that material development in the state court happens before the federal court takes any meaningful action in its case that is a situation where absent exceptional circumstances that aren't present in this case would never be appropriate to issue an injunction for the federal court to overstep that line between state rights and federal rights to usurp that pending proceeding well-developed class action in state court and there is case law as well including a recent opinion by the Supreme Court in the case that talks about how those exceptions to the anti injunction act need to be very narrowly drawn and that even in close cases there's an easy answer which is that the injunction should not issue and the state court should proceed so even in this case if there are questions or doubts because the record isn't abundant in Judge Gettleman's analysis this court can still reach a decision that says that on the facts and circumstances in the injunction to issue look the anti injunction act has a standard that is demanding and it wasn't met here so and do you mean a standard that's demanding in terms of what the district judge says yes I agree that that's the case but I think it also has a standard that's demanding simply in terms of the substance of the goings-on and what is actually being enjoined in the state court and and I do think substantively there can be no justification for for this injunction argument to go to the court's authority to issue this injunction not the way that it exercised the authority yes yes you're on that's that's a very good way to put it thank you it does it goes to the court's authority not the manner in which it exercised that authority and on that subject of the court's authority under the anti injunction act this court in Zurich was very clear that the injunction of state court proceedings that are in personam should be only done in very limited circumstances under a limited expansion of that exception which has traditionally applied only to NREM cases and in Winkler this court identified what was it what is to date the only exception I think in this court's jurisprudence what would justify an injunction of a state court action that's in personam and that was where the state court proceeding was developed and intended to evade a discovery ruling in the federal court and that's certainly not a situation that we have here every the facts of that case were really extraordinary yes I absolutely agree your honor and we don't have anything close to that in this case and I don't believe that the settling parties have argued otherwise which leaves them attempting to develop a different expansion of this something where this court has never gone before and that would be to sort of borrowing this analogy that an in personam case if it's sufficiently developed can be the equivalent of a raise in an NREM case and thereby justify the injunction that might issue under the anti injunction act and I think the problem with that is several fold first of all all of those authorities that they cite that talk about this analogy to an NREM proceeding deal with well-developed complex litigation MDL proceedings that involve thousands of cases involve thousands of court orders and involve a magnitude of time and effort that makes those cases fundamentally different from what we have here the judicial panel on multi-district litigation took up the issue of whether this case should be complexity it doesn't involve very many cases it doesn't involve very many attorneys and that makes this fundamentally different from any case that's ever been issued I believe at the appellate level extending the necessary native jurisdiction exception to in personam proceedings here's something that I've been kind of wondering about Kurtz managed to get a class certified for trial in the Missouri action before as you noted before there was even a preliminary class certified in the federal case even though she filed her case later but what if the sequence was reversed how would her argument change if the federal court had preliminarily approved the settlement before the to be perfectly frank it would be a much different scenario there's a there's a body of established circuit course case law not in the Seventh Circuit but in other circuits that say when the federal court acts first to preliminarily approve a class action settlement or to certify a class action particularly on a nationwide basis then it does have the necessary native jurisdiction authority so if that chronology were reversed we might not be here today but the fact of matter is that it isn't that case and that's an important distinction because these cases that talk about applying the necessary native jurisdiction exception to in rem cases talk specifically about the the timing of whether the federal court or the state court gets jurisdiction first being the critical factor in whether or not the federal court can act to enjoin the state court so here where you're not talking about the simple filing of the lawsuit being what creates the equivalent of a res you've got to have something more than that I think where you draw that line where you determine whether or not either case is the equivalent of a res is at the point of class certification or at the point of preliminary approval and in this case that happened in the state court before it happened in the federal court. I have two questions based on that necessity of the analogy to in rem proceedings and I don't know that that's a doctrinal prerequisite in the circuit case law from other circuits and then the other question is why should class certification be the be the triggering event because then we're going to have a race to class certification in these cases where there's a nationwide class action filed and parallel state states. Yes judge I think as far as the doctrinal prerequisite goes there are certainly circumstances like we saw in Winkler where there were abuses of the judicial process that justified an injunction regardless of any other consideration but I do think a reading of the the other circuits as they expand this exception I think they do recognize that traditionally it's been limited to somehow link that back to the to the history which is to to draw this analogy now it's not clearly spelled out in every single decision but in a lot of the decisions and they're cited in our brief it is by this analogy that they're able to expand it and the Supreme Court and Bayer re-emphasized that that the courts are not to expand the exceptions or the statutory construction by loose interpretation and I think that's what forces the courts in hindsight to be linking this extension back to the historical roots of the exception. As far as the concern about races to class certification go I do think that that there are potential situations where that could be a problem and I wouldn't suggest that this court draw some sort of absolute bright line that says in every case where the state court certifies the class first that there can never be an injunction. What we saw in Winkler with exceptional circumstances about manipulation of the judicial process those sorts of rules would always still be in place to prevent an abuse where it truly was just a race to the courthouse but that's not what we have in this case we don't have a race to the courthouse at all we have a case in Missouri that was developed with extensive written discovery the named plaintiff was deposed in the case there was a lot of motion practice and the court from the time that the class cert ruling class cert motion excuse me was filed in December of 2013 to when it was ruled in August there was full briefing there was an evidentiary hearing and I think it's clear that what happened in this case was just a normal running of the course of proceedings. So to that concern I think that I think that can be the scope of the exception is framed. To your question as well about the the class certification sort of being the dividing line I think the the important thing here is to be able to identify some workable bright line if you will between the state court proceedings and federal court proceedings and when we get into an area where there I the federal proceedings are either developed enough to support an injunction or whether there are some sort of exceptional circumstances and the the development I don't understand why you keep talking about exceptional circumstances where's the exceptional circumstances exception to 2283 well it's it's in the way that the court interpreted the expansion of the exception in Zurich and in Zurich it said that there's only been a limited expansion of that exception in cases where there are exceptional circumstances like what we saw in Winkler. I'm not not following from what case are you now quoting? Zurich this court's opinion in Zurich is what talks about the limited expansion of the necessary native jurisdiction exception to I must say I get lost I don't think courts are allowed to expand statutory exceptions. Well if they're not that's great I think we win in that in that in that Supreme Court said that and the fact that the Supreme Court said that in there. Yes yes then maybe maybe our argument begins and ends there I guess I'm hedging a little bit just in case this court buys you know an extension of from Winkler or Zurich. I see that I'm in to my rebuttal time I'm happy to answer. You should be keeping it. Okay thank you I'll think I'll reserve the rest of my time. Certainly counsel. Mr. Hogan. Thank you for having me good morning. Let's start where Judge Rogner started with Mr. Moore. Did the district judge explain anywhere orally why he was granting this injunction? Well may it please the court and I'm happy to say yes he did. He did? He did. In the September 3rd hearing. Where can we find that in the appendix to the briefs? I'll point you right to it. In the Nestle-Purina appendix at pages 125 to 130 which represents pages 53 to 58 of the September 3rd hearing Judge Gettleman said. Okay would you give that again? Yeah sure the appendix range the Nestle appendix 125 to 130 and then which is the hearing transcript of pages I believe 53 to 58 and it on page 125 he said that for this settlement to go ahead it will require an injunction of that class obviously. He goes on after a couple of pages of back and forth on whether the the Kurtz case would upset this the potential settlement in this case and made this factual finding on which the injunction is justified. The Kurtz case has and this is a quote has a great potential of tanking the entire settlement unquote. Your honors because of the multi... Did he explain that? Well there were multiple briefs by all of the parties. I'm not interested in what the briefs I'm interested in whether the judge explained what appears to be you case. Yeah well I believe that he was explaining that after taking arguments for the party from the parties on whether or not the state court settlement would upset and invade his jurisdiction by undoing the settlement he made the factual finding that ties to what gives him the... Could you read that again? And there are two I think that are important. One is on 125 where he makes the factual findings for this settlement to go ahead it will require injunction of that class which he was talking about Kurtz. Okay so do you think that's a finding? And then he goes on to make this finding. Judge Gettleman found that not enjoying the Kurtz case quote has a great potential of tanking the entire settlement referring to the national class. Why is that necessary in aid of jurisdiction? Because... Judges stated in other words that we're in a race situation. Whichever case goes to judgment first will surely upset the other. The Supreme Court held in the Vendo case that that is not adequate to enjoin a state court proceeding. And the Kurtz brief mentions the Vendo case and I noticed that neither of the Appelese briefs deigns to discuss the Supreme Court's opinion in that the court... circuit courts around the country... I'm not asking about circuit courts. I'm asking about the Supreme Court of the United States' statement in Vendo that the fact that there's a race between state and federal courts and whichever goes to judgment first will upset the other does not authorize an injunction. And I believe that that is not the basis of the injunction your honor. I believe that the basis of the injunction is that the court as in looking at this court's authority in VMS and looking at authority from the 3rd, 8th, 11th circuit that we cite made the finding that I have a nationwide class action based on six consolidated actions from around the country that have come to me. We are on the precipice of settlement. And if I do not... It sounds exactly like what the Supreme Court said in Vendo was no good. Right? Your whole brief amounts to it's really good to get things settled in federal court and then it's just settled. And anything that's good must be legal. And that's not what 2283 says. And it's what the Supreme Court insisted in Vendo is not what 2283 says. And I believe that the 2283 has in its text itself that there are exceptions that allow federal courts to issue injunctions. Yes. In aid of jurisdiction. In aid of jurisdiction. It's the only one that is arguably relevant. And the Supreme Court said that in race to judgment situations the aid of jurisdiction exception doesn't apply. I don't believe that this is a race to judgment situation. Certainly it is. If the federal court gets to judgment first, then the judgment will control what happens in the 3rd. Right. And your honor, if I could answer... This is not a race to judgment. This is a pause, a temporary pause in the state court action so that... No, it's an injunction. It's the same kind of injunction this court approved in Vendo and we got reversed. And I believe that this injunction, and you're right, it amounts to a temporary pause that allows something to happen in aid of the court's jurisdiction to determine whether a nationwide class action that settles both injury and product claims is fair, adequate, and reasonable. And that pause allows the court to assess that, take in claims, and make a determination of whether the settlement is fair, adequate, and reasonable, not a race to judgment where it is a sprint to who gets to race judicata first, your honor. You know, that's just the justification we gave in Vendo. We said, this is just a pause. This is, you know, it's coordinating state and federal proceedings. And the Supreme Court reversed us. I don't believe Vendo has overturned the new... It would have helped us a lot, given that Vendo is relied on by your adversary, if you had bothered to discuss the Supreme Court's opinion. There aren't that many Supreme Court opinions. There's Vendo, there's Bayer. It's fairly recent. And a pattern of just relying on court of appeals decisions and ignoring the Supreme Court doesn't help us much. Well, in the Bear case, the Bear case, they quoted it to reaffirm what was decided in Atlantic, which was decided in 1970. And all of the appellate court cases, including the cases from this jurisdiction, postdated that. I believe that the appellate court cases that we cite postdate and take into account that... And Bayer postdates all the decisions you rely on. And as I said, I believe that the Bear case, all that the appellants cite the Bear case for is for the proposition that is in the Atlantic case, which is from 1970. The Bear case was not an innate of jurisdiction. It was the third exception to 2283 was at issue. And they cite it for the general principle only, Your Honor. And there's no doubt that they cite it for the propositions only that the jurisdiction that are in Atlantic, which is VMS and all of the cases of this court, are subsequent to that. Your Honor, I think that, Your Honors, I believe that there is authority, and I think that there are cases from VMS and a number of other cases that we cite in our brief give this court the clear guidelines and authority to temporarily enjoin a state action so a federal court can get in a multi-district litigation. Because this is a litigation, and Mr. Moore makes the point that this litigation should be distinguished because the JPML did not bring it here. This is a litigation that was filed in six different districts around the country. I must say, I just don't see what any of that has to do with the language of 2283. I don't see how anything is interfering with the federal court's jurisdiction. We have parallel actions, and the norm, it's just an established rule when you've got parallel actions over identical in personam disputes, neither court's interfering with the other's jurisdiction. That's what Bento says. There are plenty of other cases that say that. There are a number of cases that in applying the Supreme Court's precedent and taking it into account, that have enjoined nationwide class action. I'm sorry, enjoined parallel actions when there is a nationwide class action settlement. Is there any case in the Supreme Court that so much as hints at the propriety of such an injunction? I don't believe this issue has been dealt with by the Supreme Court. There are plenty that seem contrary. I've already mentioned Bento, which has got the strongest possible statement in it. Now, you could respond, but that turned out to be a plurality opinion, just as Blackman wrote a separate opinion concurring in the judgment. You might have said that if you addressed it in your brief. Well, your, your honor, I, I, okay. I, I think that we disagree that, that, that Bento is controlling here. But I do urge the court that there are numerous cases that have applied this very principle to allow district courts the opportunity to assess the fairness, accuracy, and reasonableness. Somehow, with the Supreme Court and a statute on one side, and some decisions of appellate and district courts on the other, aren't we obliged to follow the Supreme Court and the statute? I believe that the statute allows exactly what we, we are suggesting here. Drives you back to the aid of jurisdiction. Yes. Proposition. And you haven't given me any Supreme Court authority for the proposition that parallel in persona actions jeopardize the jurisdiction of either tribunal. Your honor, I don't believe the Supreme Court has addressed that specific issue. Yes, it has. It once, in Bento. And it resolved it adversely to your position. I, I believe that that's, that is a reading of Bento that is, is narrow and doesn't take into account that in these, in this particular situation, in these situations where it is not about a race to judgment, but in a set, an ability to assess the, the fairness of the, of the, of the settlement agreement, that there is not a problem with, with enjoining the, the state court action temporarily. As Mr. Moore conceded, that if the timing could be different, he, he doesn't say that there, that, that the injunction would have been improper. That demonstrates that there is not an absolute bright line. And what is vested in the court, in the district courts, is the discretion to make determinations about whether, whether the state court action will invade its jurisdiction and prevent his, prevent him from making a determination about whether a nationwide class action is fair, class action settlement is fair, adequate, and reasonable. And this court shouldn't, I believe, take it out of the hands of the district court to exercise its discretion, to allow the claims process to go forward, to determine whether this settlement is fair, reasonable, and adequate. It sets up a dynamic that in every case, we are going to have, we are going to have parallel state actions come in, objectors come in, and try to stop and require that this court to twice assess the fairness, reasonableness, and adequacy of, of a, of a state court, of a federal settlement. And that just is not a wise use of judicial resources, and I, I believe, I see my time is up, so if there are any other questions, I'd be happy to answer them. Mm-hm. Thank you, Mr. Hogan. Mr. Davidson. Good morning, your honors, and may it please the court. I was actually here to address the issues that I think this court is least likely to take up, which are the whether the district court abused its discretion in preliminarily approving the proposed settlement and conditionally certifying the settlement class. And I was going to explain to this court why there were many compelling reasons why the court should not exercise pendent jurisdiction over those matters, including the fact that I don't believe this court nor any other circuit court has ever accepted pendent jurisdiction over a preliminary approval order or a conditional grant of class certification. And in fact, the courts, the 8th Circuit in Lyles and the 11th Circuit in Fresco declined to do so. But unless this court has any particular questions on those issues, I'd like to kind of turn and kind of back up what Mr. Hogan was talking about and maybe try to answer a couple questions that the court may have on the injunction. The way I see it, your honors, if this court, what I think this court appears to be inclined to do, which is basically backtrack from all its prior decisions from US versus Silva and Winkler and obviously VMS securities. These cases all stand for the proposition that in connection with a proposed federal nationwide class action, it's appropriate to enjoin temporarily a state court proceeding. Now the most on point case there would be the VMS case. In the VMS case, this court approved the 8th Circuit's decision in White versus NFL, which is directly on point and squarely holds that in connection with a proposed class action settlement, the district court may enjoin under the, in aid of jurisdiction exception to the Anti-Injunction Act, a pending state court proceeding. Do you remember what we said in VMS about a pendo? I do not, your honor. Nothing. That's a problem, isn't it? The way I see it, your honor, the way it appears you're inclined to rule is that. Don't try to guess what we're inclined to rule on. Deal with the question presented. I will do so, your honor. Which is, what is the status of an appellate decision that ignores apparently controlling contrary Supreme Court authority? Well, I, my, my opinion is that the VMS case is more on point than the Vendo case. The VMS. As between the Supreme Court and the 7th Circuit. The Supreme Court wins. My question is, what significance has it that the VMS decision does not discuss apparently contrary Supreme Court authority? Assuming that a 7th Circuit decision dealt with the exact same issues that the Supreme Court ruled on, I would say the Supreme Court decision would obviously control, but where the 7th Circuit's case law is on point and deals directly with the issue at hand, which is whether a district court has the authority to enjoin a pending state court case under the exception to the Anti-Injunction Act, I think that decision should control. Let, let me ask you something. Has there been any significant discovery in the federal case? Only confirmatory discovery in connection with the proposed settlement. And I would assume that discovery in the Missouri case is not complete because of the stay. I can't speak to the status of the Missouri case. I can say that we spent nine months with former US magistrate judge Denlow mediating this case, and we spent a lot of time trying to discuss the value of this case and how that, how our claims and the defendant's defenses worked into the value analysis, and that's how much time we spent on this to come up with what we believe to be a fair, adequate, and reasonable settlement. Nine months without completed discovery? I mean, in other words, why not allow discovery to finish in Missouri? That would, it seems to me, give the nationwide plaintiffs a stronger stance. It, it certainly could, but the, the path that we chose was to begin settlement negotiations in the hopes that we could obtain a very good recovery for a class of individuals who may not otherwise get a recovery if we don't settle this case. And what we crafted with the defense counsel, and most importantly, with Judge Denlow, was a proposed settlement, and again, it is just a proposed settlement. The district court has not yet granted approval yet. He may never grant approval yet. We still have a claims process to finish up. We know, right now, as we stand here, that there were only ten people who opted out of the entire class, because the opt-out deadline has passed. And those factors will play into Judge Gettleman's decision as to whether to grant final approval. And then on another issue, it seemed to me that you argued in your brief at page 23, that it, as if it were Kurt's burden to show that injun, injunctive relief is, is not necessary. And it seems to me that it's your burden to just, to demonstrate that the injunction is necessary. In other words, I, I, I feel that you got it backwards. I'm not sure who has the burden, but we are the one, we are the party seeking the injunction in our preliminary approval order. And one thing I, and I, I'm sorry, but I can't pick the case out of my head at the moment. But I'm, I'm fairly certain I read a case that stood for the proposition that a, an anti-injunction act or an all writs act injunction over a state court case did not require the rule 20, the rule 65 elements to be analyzed by the district court. They're different animals. What is the, what is the legal standard then? I mean, it, it's a. Are you asking for a rule that any time there's a nationwide class action, the judge is empowered to issue an injunction sort of routinely, if there is a proposed set preliminary conditional settlement? I think. Or are you, are you asking that there be some discretionary option to do so? And if so, there needs to be a legal standard for the exercise of that discretion. Well, certainly under the, this court's decision, ADT, it's a, the court has the discretion to enter an injunction under the all writs act. So it's a discretionary determination by the district court. So it can't, it can't be just as a matter of course when there's a conditional settlement approval. No, I wouldn't say that in every case at all. So what's, if you had to articulate the legal standard that governs the exercise of that discretion, what is it? I haven't given that some thought, Judge, and I apologize, but I don't. That's kind of important. If the court has the discretion to enter an all writs act injunction, that's necessary in aid of the court's jurisdiction. That just repeats the statutory. But that's the best I'm going to be able to give you at the moment, Judge. I'm sorry. So if the court has any other questions, I'm happy to answer them. I don't feel that the court should. I guess my only other question was what is the value to the plaintiffs of the temporary agreement to implement quality control and quality assurance procedures? Because our recent decision in the Pearson case, you know, Pearson versus NTBY. Yes, I'm familiar with it. Regarding a two-year agreement, not to use, you know, that false label on glucosamine supplements, questions the value of these time-limited remedies. It makes, you know, I mean, I think we said it pretty clearly, that it makes the value of the settlement somewhat suspect. Well, I think this case is starkly different from NTBY in the case of quality assurance and quality control measures here, including requiring a single source supplier for all the chicken, including additional audits and testing for additional contaminants. For two years. So then after two years in China, they can go right back to whatever it is they're doing there. Sure. But at the end of the day, these, for at least two years, and the idea that, I think practically speaking, that a company after two years would all of a sudden change back to its former ways, I think is not what's likely to occur. If they're losing money, believe you me, it will occur. At the end of the day, Your Honor, the value of this case and the value of the settlement will be the monetary recovery to the class. And that's going to be judged based upon the number of claims that come in and the amount of those claims. And if it turns out that class members are going to recover 75, 80% of their expenses, I think that's an excellent recovery in any class action. So unless the Court has any further questions, I appreciate your time. Thank you very much. Thank you very much. Anything further, Mr. Moore? Yes, Your Honor. May it please the Court. Your Honor, the first thing I want to address is the point that Appalachian Council made about the VMS decision, and I think one important thing to say about the VMS decision is that this Court specifically said that the injunction argument had been waived by the parties below. And so everything that it was saying was dicta and was done without the benefit of context of argument, at least at the lower level. And that may explain why that Court didn't analyze the Vendo decision. And that's the case that opposing counsel tell you is most on point in this situation. I think it's a case that doesn't control the day at all. Are you arguing that the Court never has authority in a nationwide class action to issue an injunction against a parallel state action? I would like to. I would like to. You can't in the face of VMS and the language of the statute. Once the federal action reaches final judgment, then presumably an injunction is proper. That's the holding of VMS. Yes, and there's a separate exception for protecting the Court's judgment versus one that's in aid of jurisdiction. We're not there yet. In terms of the in aid of jurisdiction exception, I would like to draw a very bright line that says they could never. No can do. No can do. Okay. And if that's the line, great. I think we win. But some of the case law suggests otherwise, albeit below the Supreme Court. And so our job is. Okay, so what would you suggest the legal standards should be? Well, luckily I don't wear a black robe, so I don't have to make that choice. I do think there's a very good argument for saying that these two proceedings can run parallel and that when they come to judgment, like Judge Easterbrook was saying that you  Well, that's the judgment. Well, that's. Exception. We're not there yet. No, I know. It's the judgment, but it's also this concept of a race to judgment, which comes into effect with all the exceptions. There are two exceptions that exist, aid of jurisdiction and protecting judgments, and they can't both be identically operable. There's got to be at least some difference between them. So I would suggest that in some circumstances it would be appropriate for a court to enjoin a state court proceeding in aid of its jurisdiction. In most cases, and what the Supreme Court says is that's in rem proceedings. And so it's possible to draw that bright line, say no application to in personam proceedings like this case. But if you don't draw that bright line, I still think you have to look at the fact that when a state court class is certified first, then by analogy of the res, they've got control and jurisdiction there, and the federal court can't interfere with that. I see that my time is up. Thank you, Mr. Bauer. Thank you. The case is taken under advisement. Our next case for argument this morning.